# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAWRENCE GOLDBLATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 09-2548-KHV |
| RONALD HOSKINGS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Lawrence Goldblatt pro se brings suit against Ronald Hoskings, Kenneth Bacchus, Joe Hagan, Robert Rubin, Gerald Flemming and David Bahner. Under state law, plaintiff alleges that various named defendants and others committed negligence and misrepresentation (Count I); conspiracy to commit fraud (Count II)[1]; embezzlement (Count III); tortious interference with contract (Counts IV and VI) and fraud (Count V). This matter comes before the Court on the Motion To Transfer Venue And Alternative Motion To Dismiss Of Defendant David E. Bahner (Doc. #5) filed November 30, 2009. Bahner seeks dismissal of plaintiff's claims for lack of subject matter jurisdiction or in the alternative, transfer of venue to the United States District Court for the Western District of Missouri. For reasons stated below, the Court dismisses the case for lack of subject matter jurisdiction.

## Legal Standards

Fed. R. Civ. P. Rule 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on

---

[1] Although the complaint labels Count II as "Omega Realty Money Had And Received," the text of Count II alleges conspiracy to commit fraud. See Doc. #1 at ¶ 73.

the accuracy of its allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). In a facial challenge, the district court must accept the allegations of the complaint as true. Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). Defendant challenges the face of the complaint, so the Court presumes the accuracy of plaintiff's factual allegations and does not consider evidence outside the complaint. Holt, 46 F.3d at 1002-3.

Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 281 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Plaintiff bears the burden of showing that jurisdiction is proper, see id., and must demonstrate that the case should not be dismissed. Gonzalez v. Pepsico, Inc., 489 F. Supp.2d 1233, 1237 (D. Kan. 2007). Conclusory allegations of jurisdiction are not enough. Id.

Section 1406(a), Title 28, United States Code, provides that a court may cure venue defects by transferring a suit. See Jones v. Rowley, No. 08-3207-SAC, 2008 WL 4329984, at *2 (D. Kan. Sept. 16, 2008) (citing 28 U.S.C. § 1406(a)) (if case lays venue in wrong district court shall dismiss or in interest of justice transfer case to district where it could have been brought).

Because plaintiff proceeds pro se, the Court liberally construes his complaint. Gallagher v. Shelton, 587 F.3d 1063, 1067 (10th Cir. 2009). While the Court holds pro se pleadings to less stringent standards than pleadings drafted by lawyers, pro se litigants must follow the same procedural rules as other litigants. See Craig v. United States, 340 Fed. Appx. 471, 473 (10th Cir. 2009). The Court may

not assume the role of advocate for a pro se litigant. <u>Garrett v. Selby Connor Maddux & Janer</u>, 425 F.3d 836, 840 (10th Cir. 2005).

## **Factual Background**

Defendant David Bahner is receiver for the Housing and Economic Financial Development Corporation in a receivership action in the United States Court for the Western District of Missouri. In that receivership action, Goldblatt filed claims based on an alleged contract with Monarch Community Information Center to facilitate an architectural redesign of low-income apartments in Kansas City, Missouri. The District Court in the Western District of Missouri denied Goldblatt's claims and the Eighth Circuit affirmed. <u>See</u> <u>City of Kansas City, Mo. v. Hous. & Econ. Dev. Fin. Corp.</u>, No. 05-0368-CV-W- GAF, 2007 WL 1160402 (W.D. Mo. April 13, 2007), <u>aff'd</u>, 280 Fed. Appx. 561 (8th Cir. 2008).

Plaintiff then filed suit in this Court, alleging that Bahner and the other defendants conspired with each other and unknown persons to tortiously interfere with claims arising out of his alleged contract with Monarch Community Information Center. The complaint alleges that plaintiff is a citizen of Kansas City, Missouri and that "defendants are citizens conducting business in locations in Kansas City, Missouri." <u>See</u> (Doc. #1) at 2  The complaint alleges that this Court has jurisdiction under 5 U.S.C. § 504(c)(2) and "Tortious Interference with a Contract." <u>See</u> <u>Complaint</u> (Doc. #1) filed October 23, 2009, at 3.

Bahner argues that the Court lacks subject matter jurisdiction because the complaint does not allege any proper basis for federal jurisdiction.[2]

---

[2] Bahner asks the Court to transfer the case to the United States District Court for the Western District of Missouri, where the receivership proceeding is pending. Because this Court lacks subject matter jurisdiction, it must dismiss the case.

## Analysis

Plaintiff cites 5 U.S.C. § 504(c)(2) as a basis for subject matter jurisdiction. Section 504(c)(2) provides for appeal of fees and expenses in an adversary administrative adjudication under the Administrative Procedure Act. It does not provide an independent basis for subject matter jurisdiction in this case. See generally Aageson Grain & Cattle v. U.S. Dept. of Agric., 500 F.3d 1038, 1046 (9th Cir. 2007); Kiareldeen v. Ashcroft, 273 F.3d 542, 545 (3d Cir. 2001).

Plaintiff's complaint does not state any other jurisdictional basis for his claim. Bahner points out that the complaint alleges claims under state common law and therefore the Court does not have federal question jurisdiction under 28 U.S.C. § 1331. Further, Bahner asserts that the complaint does not set forth facts which establish diversity jurisdiction under 28 U.S.C. § 1332. To the contrary, the complaint alleges that plaintiff is a citizen of Missouri and that "[d]efendants are also citizens conducting business in locations in Kansas City, Jackson County, Missouri at the addresses shown herein above." Doc. #1 at 1. The complaint caption lists Kansas City, Missouri as the address of two defendants (Bacchus and Bahner).

In response to Bahner's motion, plaintiff affirmatively invokes diversity jurisdiction under 28 U.S.C. § 1332. He states that the "primary defendant," Ronald Hosking, has a place of business in Kansas City, Kansas. See Doc. #10 at 2. Plaintiff alleges, however, that defendants Bahner and Bacchus are residents of Missouri. Plaintiff asserts that he is a citizen of Missouri. Therefore the Court does not have diversity jurisdiction under 28 U.S.C. § 1332. See Gadlin v. Sybron Int'l Corp., 222 F.3d 797, 799 (10th Cir. 2000) (under Section 1332, courts require total diversity, meaning that all the parties on one side must have citizenship diverse to those on other side).

**IT IS THEREFORE ORDERED** that the Motion To Transfer Venue And Alternative Motion To Dismiss Of Defendant David E. Bahner filed November 30, 2009 be and hereby is **SUSTAINED**

-4-

in part.

**IT IS FURTHER ORDERED** that the case is **DISMISSED** for lack of subject matter jurisdiction.

Dated this 18th day of February, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge