# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAWRENCE GOLDBLATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 09-2548-KHV |
| RONALD HOSKINGS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Lawrence Goldblatt pro se brings suit against Ronald Hoskings, Kenneth Bacchus, Joe Hagan, Robert Rubin, Gerald Flemming and David Bahner. Under state law, plaintiff alleges that various named defendants and others committed misrepresentation (Count I); conspiracy to commit fraud (Count II)[1]; embezzlement (Count III); tortious interference with contract (Counts IV and VI) and fraud (Count V). On February 18, 2010, the Court sustained Bahner's motion to dismiss plaintiff's claims for lack of subject matter jurisdiction. Doc. #21. This matter comes before the Court on Plaintiff's Motion For Leave To File An Amended Complaint (Doc. #23) and [Plaintiff's] Motion For Reconsideration Of Court's Memorandum And Order To Dismiss For Lack Of Subject Matter Jurisdiction (Doc. #28), both filed March 10, 2010. For reasons set forth below, the Court finds that the motions should be overruled.

## Procedural And Factual History

In a receivership action in the United States Court for the Western District of Missouri, Bahner is receiver for the Housing and Economic Financial Development Corporation. Plaintiff filed claims

---

[1] Although the complaint labels Count II as "Omega Realty Money Had And Received," the text of Count II alleges conspiracy to commit fraud. See Doc. #1 at ¶ 73.

against Bahner based on an alleged contract with Monarch Community Information Center to facilitate an architectural redesign of low-income apartments in Kansas City, Missouri. The District Court in the Western District of Missouri denied plaintiff's claims and the Eighth Circuit affirmed. See City of Kansas City, Mo. v. Hous. & Econ. Dev. Fin. Corp., No. 05-0368-CV-W-GAF, 2007 WL 1160402 (W.D. Mo. April 13, 2007), aff'd, 280 Fed. Appx. 561 (8th Cir. 2008).

Plaintiff then filed suit in this Court, alleging that Bahner and the other defendants conspired with each other and unknown persons to tortiously interfere with his alleged contract with Monarch Community Information Center. Plaintiff alleged that he is a citizen of Kansas City, Missouri and that "defendants are citizens conducting business in locations in Kansas City, Missouri." See (Doc. #1) at 2. Plaintiff also alleged that the Court has jurisdiction under 5 U.S.C. § 504(c)(2) and "Tortious Interference with a Contract." See Complaint (Doc. #1) filed October 23, 2009 at 3.

Bahner filed a motion to dismiss, arguing that the Court lacked subject matter jurisdiction. The Court granted Bahner's motion, finding that Section 504(c)(2) does not provide an independent basis for subject matter jurisdiction. See generally Aageson Grain & Cattle v. U.S. Dept. of Agric., 500 F.3d 1038, 1046 (9th Cir. 2007). The Court also noted that plaintiff did not allege federal question jurisdiction under 28 U.S.C. § 1331. Further, although plaintiff sought to invoke diversity jurisdiction under 28 U.S.C. § 1332, he alleged that defendants Bahner and Bacchus are residents of Missouri and that he is a citizen of Missouri. Therefore the Court found no diversity jurisdiction under 28 U.S.C. § 1332. See Gadlin v. Sybron Int'l Corp., 222 F.3d 797, 799 (10th Cir. 2000) (under Section 1332, courts require total diversity, meaning that all parties on one side must have citizenship diverse to those on other). On March 19, 2010, plaintiff dismissed his claims against Bahner. See Doc. #29.[2]

---

[2] Plaintiff filed the notice of dismissal pursuant to an order entered by Judge Gary Fenner, (continued...)

Plaintiff asks the Court to reconsider its order dismissing the case, asserting that he mis-cited the basis for jurisdiction. In conjunction with his motion to reconsider, he has filed a motion for leave to file an amended complaint to allege subject matter jurisdiction under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. § 1346(b).

## **Analysis**

1.   Motion For Leave To Amend

Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely. The district court may deny leave to amend, however, where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. Jefferson County Sch. Dist. v. Moody's Inv. Servs., 175 F.3d 848, 859 (10th Cir. 1999).

Plaintiff's proposed amended complaint is substantially the same as the original complaint except for jurisdictional allegations. The proposed amended complaint alleges that the Court has subject matter jurisdiction under the FTCA because Hoskings is an employee of the federal government. Doc. #28 at 3. The FTCA provides a limited waiver of the sovereign immunity of the United States, subject to certain exceptions. The FTCA provides the exclusive means of relief for state law tort claims against federal officials. See 28 U.S.C. §§ 1346(b), 2671-2680; In re Franklin Savings Corp., 385 F.3d 1279, 1286 (10th Cir. 2004). In response, Hagan, Rubin and Flemming point out that they are not federal officials or employees and that plaintiff has not alleged a basis for subject matter jurisdiction over his claims against them. They argue that the proposed amendment is futile because it is subject to dismissal for lack of subject matter jurisdiction. Plaintiff's reply does not address this argument.

---

[2](...continued)
United States District Court For The Western District of Missouri, in Case No. 4:0S-CV-00368-GAF filed March 12, 2010. Judge Fenner ordered plaintiff to dismiss his claims against Bahner "or risk incarceration."

Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 281 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). The Court finds that the proposed amended complaint is futile because it does not set forth a basis for subject matter jurisdiction over plaintiff's claims against Hagan, Rubin and Flemming. Further, although Bacchus has not responded to plaintiff's motion to amend, the complaint and proposed amended complaint allege that Bacchus is a local official. Therefore, for the reason stated above, the proposed amended complaint is also futile as to plaintiff's claims against Bacchus.

As for plaintiff's claims against Hoskings, the FTCA explicitly preserves the tort immunity of the United States for claims of misrepresentation, deceit or interference with contract rights. 28 U.S.C. § 2680(h).[3] Plaintiff alleges that Hoskings and others made misrepresentations and engaged in fraud and conspiracy to commit fraud, which resulted in interference with plaintiff's contractual rights. Section 2680(h) of the FTCA clearly bars these claims.[4] See, e.g., Sandle v. Principi, 201 Fed. Appx. 579, 582 (under Section 2680(h), no waiver of sovereign immunity for misrepresentation claims); JBP Acquisitions, LP v. United States ex rel. FDIC, 224 F.3d 1260, 1264-65 (11th Cir. 2000) (Section

---

[3] 28 U.S.C. § 2680(h) provides that the FTCA does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."

[4] The Court also notes that the FTCA bars a claimant from bringing suit in federal court until he has exhausted administrative remedies by filing an administrative claim with the appropriate federal agency. Indus. Constructors Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 967 (10th Cir. 1994) (citing 28 U.S.C. § 2675(a)). Neither the original or the proposed amended complaint allege exhaustion of administrative remedies as required under the FTCA. Plaintiff's failure to allege exhaustion is a further bar to this suit.

2680(h) misrepresentation exception applies if plaintiff alleges reliance and pecuniary loss); Reynolds v. United States, 643 F.2d 707, 712 (10th Cir. 1981) (Section 2680(h) precluded claim based on alleged misrepresentation by Farmers Home Administration inspector). The proposed amended complaint is futile because it does not set forth a basis for subject matter jurisdiction over plaintiff's state law claims against Hoskings.

    2.    <u>Motion To Reconsider</u>

The Federal Rules of Civil Procedure do not recognize motions to reconsider. <u>Hatfield v. Bd. of County Comm'rs for Converse County</u>, 52 F.3d 858, 861 (10th Cir. 1995). As a result, this Court typically construes any self-styled motion to reconsider a dispositive order or judgment as either a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment or order. <u>Johnson v. Gilchrist</u>, No. 09-3063-SAC, 2010 WL 750256, at *1 (D. Kan. Mar. 2, 2010) (citing <u>Hawkins v. Evans,</u> 64 F.3d 543, 546 (10th Cir. 1995)). A Rule 59(e) motion to alter or amend judgment must be filed within 28 days after the entry of judgment. A Rule 60(b) motion, on the other hand, "must be made within a reasonable time," and if the motion is brought under subsections (b)(1), (2) or (3), no more than a year after the entry of the judgment or order. Because plaintiff filed his motion to reconsider within 28 days of entry of judgment, this Court treats it as a Rule 59(e) motion to alter or amend the judgment. The grounds justifying an alteration or amendment are (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. <u>See</u> <u>Servants Of The Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors).

Plaintiff asks the Court to reconsider its order of dismissal. Specifically, plaintiff states that he "mis-cited jurisdiction as U.S.C. § 504(c)(2) when plaintiff should have cited Title 28 1346, sec. 2671 et seq. [the Federal Tort Claims Act]." <u>See</u> Doc. #23 at 3. A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments

-5-

that previously failed.  Van Skiver, 952 F.2d at 1243.  Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiff does not assert that he is entitled to reconsideration based on a change in law or newly discovered evidence.  Plaintiff appears to assert that his failure to cite the FTCA as a basis for jurisdiction constitutes clear error.  The clear error to which Rule 59(e) refers, however, is error by the Court.  See Sithon Maritime Co. v. Holiday Mansion, 177 F.R.D. 504, 505 (D. Kan. 1998) (Rule 59(e) relief proper where court has mistakenly decided issues).  Even if plaintiff's "mistake" were a basis for reconsideration, however, the FTCA does not provide jurisdiction over plaintiff's claims as set out in either the complaint or the proposed amended complaint.  Further, plaintiff has made no showing that the Court must reconsider its order to avoid manifest injustice.  The Court therefore overrules plaintiff's motion for reconsideration.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Leave To File An Amended Complaint (Doc. #23) and [Plaintiff's] Motion For Reconsideration Of Court's Memorandum And Order To dismiss For Lack Of Subject Matter Jurisdiction (Doc. #28), both filed March 10, 2010 be and hereby are **OVERRULED**.

Dated this 17th day of May, 2010 at Kansas City, Kansas.

                                                                  s/ Kathryn H. Vratil  
                                                                   Kathryn H. Vratil  
                                                                   United States District Judge